UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ONEIDA INDIAN NATION, *et al.,*

        Plaintiffs.

-against-                              5:70-CV-0035(LEK)

COUNTY OF ONEIDA, *et al.,*
        Defendants.

---

ONEIDA INDIAN NATION, *et al.*,

        Plaintiffs.
                                          5:74-CV-187 (LEK/DRH)
-against-

STATE OF NEW YORK, *et al.,*
        Defendants.

---

**DECISION and ORDER**

**I. Introduction**

        This matter comes before the Court following a Report-Recommendation ("R&R") filed on February 18, 2001 by the Honorable Randolph F. Treece, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3 of the Northern District of New York. Dkt. No. 624/122.[1] Judge Treece's R&R addresses Bond, Schoeneck & King's ("BSK") Motion to have the Court recognize its right to a fee pursuant to the Retainer Agreement and charging lien in connection with its previous representation of the Oneida Nation. Dkt. No. 130/55. After fourteen

---

[1] This Motion was filed concurrently in two separate, but related, actions designated as Civil Case Numbers 5:74-CV-187 (LEK/DRH) and 5:70-CV-35 (LEK). In his R&R, Judge Treece refers to the former as the "Reservation Case," and the latter as the "Test Case." This decision will cite case numbers in both dockets by using the Docket Number in the Reservation Case, followed by the Docket Number in the Test Case, except where the cited docket entry is only available in one of the case dockets.

days from the service thereof, the Clerk has sent the entire file to the undersigned, including the Objection to Report and Recommendations by BSK, which was filed on March 4, 2011, and the Objection of Bertram E. Hirsch ("Mr. Hirsch"), which was filed on March 25, 2011.  Objection to Report and Recommendations by Bond, Schoeneck, & King ("BSK's Objection") (Dkt. No. 625/136); Objection to Report and Recommendations by Attorney Bertram E. Hirsch ("Hirsch's Objection") (Dkt. No. 631/129).  Responses were filed on March 23, 2011.  Dkt. Nos. 629/127 and 630/128.  Additionally, the Oneida Indian Nation of New York has filed a Motion to strike BSK's Objection because it was not filed under seal.  Dkt. No. 632/130.

## II. Discussion

### A. Motion to Strike

Plaintiff Oneida Indian Nation of New York ("NY Oneida") has moved pursuant to Fed. R. Civ. P. 12(f) and 37(c), Local Rule 1.1(d), and the Court's inherent authority, to strike BSK's Objections.  NY Oneida argues that BSK's Objection should be stricken because BSK filed this document in violation of the sealing order entered in these cases, and then failed to ask the Court to correct the error.  Dkt. No. 645/130.

While the Court cautions BSK to be more diligent in its procedures for honoring its obligations to file under seal in future cases, it does not find that striking BSK's Objection to the R&R is appropriate in this case.  Whether to grant a Rule 12(f) motion "is within the district court's discretion"; however, such motions "are disfavored and not routinely granted." Holmes v. Fischer, No. 09-CV-00829S(F), 2011 U.S. Dist. LEXIS 831, at *14 (W.D.N.Y. Jan. 4, 2011).  Imposing sanctions based on the Court's inherent power is also generally disfavored:

> In order to impose sanctions pursuant to its inherent power, a finding of bad faith is necessary. Awards should be imposed based on clear evidence that the challenged actions are entirely without color, and are taking for reasons of harassment or delay or for other improper purposes and such sanctions require 'a high degree of specificity in factual findings."

Rivera v. Sharp, 2010 U.S. Dist. LEXIS 62556, at *4 (D.V.I. June 21, 2010) (quoting Wolters Kluwer Fin. Srvcs., Inc. v. Scivantage, 525 F. Supp. 2d 448, 539 (S.D.N.Y. 2007). BSK's failure to file under seal was accidental, it attempted to contact the Clerk's office and opposing counsel regarding its mistake, the R&R had already been filed publicly and outlined the parties' dispute over attorney's fees, and BSK's Objection contained little or no confidential or embarrassing information. See generally BSK's Memorandum in opposition to NY Oneida's motion to strike (Dkt. No. 633/131); R&R; and BSK's Objection. The Court does not find that BSK's failure to file its Objection under seal rises to the level of bad faith or involves otherwise compelling circumstances, and therefore it exercises it denies the Motion to strike BSK's Objection.

**B. Report-Recommendation**

**1. BSK's Objection to the Report-Recommendation**

This Court is to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. Where, however, an objecting "'party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error.'" Farid v. Bouey, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (quoting McAllan v. Von Essen, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007) (citations and quotations omitted); see also Brown v. Peters, No. 95-CV-1641, 1997 WL 599355, at

3

*2-3 (N.D.N.Y. Sept. 22, 1997). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

BSK specifically objects to section IV of Magistrate Judge Treece's R&R which awarded BSK attorneys' fees in these Oneida land claim cases. Judge Treece awarded BSK $5,174.54 of the $57,494.54 that Plaintiffs recovered from Defendants. R&R at 56. BSK objects to Magistrate Judge Treece's award on the ground that it is entitled to a larger fee "based upon the value of the recovery that has been achieved." BSK's Objection at 20. Rather than arguing that it is entitled to more of the money awarded in the judgment in No. 70-CV-35, BSK contends that its contingent fee in the Oneida land claim recovery includes Oneida Nation of York businesses, including a casino established under a gaming compact approved by the Secretary of the Interior in 1993, as well as to any value created by a trust land decision made by the Department of Interior in 2008. Id. at 14-15. BSK argues that everything the Oneida Nation has gained as a result of the legal principle underlying the $57,494.54 damage award, namely that a 1795 purchase of some Oneida lands by New York was invalid because it violated federal law, should be included it the "amount recovered" under the Retainer Agreement. Id. at 3, 15, 20.

The Court has considered BSK's Objection, has undertaken a *de novo* review of the record, and has determined that the R&R should be approved. With respect to BSK's argument that the term "recovery" should include relief not contained in the final judgment, such as income generated by the Oneida Casino, the Court notes that BSK fails to cite any case in which a contingent fee interest was extended beyond the award contained in a final judgment resolving the litigation or beyond the terms of a settlement. See Universal Acupuncture Pain Servs., P.C. v. Quadrino & Schwartz, P.C., 370 F.3d 259, 264 (2d Cir. 2004) (holding that attorney's fees in quantum meruit

4

could be appropriate where the client settled without a monetary award, if the attorney was fired by the client without cause and prior to the completion of litigation); Pueblo of Santo Domingo v. United States, 54 Fed. Cl. 240, 245 (2002) (holding that counsel for an Indian tribe were entitled to the maximum allowable percentage of the tribe's recovery in a settlement it reached with the United States); Walker v. Dovetails, Inc., No. 201CV0526, 2011 U.S. Dist. LEXIS 18357, at *9 (E.D. Va. Feb. 24, 2011) (including a pre-judgment payment from defendant to plaintiff in calculating an attorney's fee because that payment was credited toward the Court's judgment); Dewey v. Volkswagon of America, 728 F. Supp. 2d 546 (D.N.J. 2010) (valuing a class-action settlement that included non-cash benefits such as free repairs); McCoy v. Health Net, Inc., 267 F. Supp. 2d 448 (D.N.J. 2008) (valuing non-cash benefits in another class-action settlement, such as the ability of consumers to obtain free credit reports); Western Shoshone Identifiable Grp. v. United States, 652 F.2d 41, 47-48 (Ct. Cl. 1981) (affirming an attorney's fee that constituted 10% of the award obtained in litigation based upon the application of a multi-factor test). Judge Treece specifically addressed this argument by stating that "the Retainer Agreement neither explicitly or implicitly embraces that interpretation" and that "[t]he Court cannot imagine what all of this would portend in terms of a fee." R&R at 56.

  In determining the applicable law, Judge Treece correctly stated that the Second Circuit has rejected the proposition "that [the] statutory requirements governing federal approval of certain contracts between Indians and non-Indians give rise to a federal common law governing such contracts." Niagara Mohawk Power Corp. v. Tonawanda Band of Seneca Indians, 94 F.3d 747, 753 (2d Cir. 1996) (citing Gila River Indian Cmty. v. Hanningson, Durham & Richardson, 626 F.2d 708, 714-15 (9th Cir. 1980)). Magistrate Judge Treece also correctly concluded that, in the absence of a

federal common law governing contracts between Indians and non-Indians, state contract law must be applied to the extent that federal Indian law does not override it. Niagara Mohawk Power Corp., at 747.

However, rather than relying on contract law principles in its Objection, BSK cites cases on common fund fee awards in class action lawsuits, fee awards in tribal claims against the federal government, and other statutory fee awards. BSK's Objection at 15-19. These cases are not applicable when a contingency fee agreement governs attorneys' fees. Niagara Mohawk Power Corp. at 747. Under New York law, when a term in a fee agreement between an attorney and a client is ambiguous, the New York Court of Appeals has held that "[w]hile, in the law generally, equivocal contracts will be construed against the drafters, courts as a matter of public policy give particular scrutiny to fee arrangements between attorneys and clients, casting the burden on attorneys who have drafted the retainer agreements to show that the contracts are fair, reasonable, and fully known and understood by their clients." Shaw v. Mfrs. Hanover Trust Co., 68 N.Y.2d 172, 176 (1986).

The Retainer Agreement itself does not expressly state that BSK is entitled to recover casinos, trust land, or anything that the Oneida tribes came by outside of a land claim settlement or judgment. Dkt. No. 630/128, Ex. A. Instead, the Retainer Agreement states, "The compensation of the Attorneys for the services to be rendered under the terms of this contract is to be wholly contingent upon a recovery for the Nation from the State of New York, or any political sub-division or department to it." Id. at 2. The Retainer Agreement goes on to specify the percentages that BSK is entitled to for "amounts recovered by the Nation from the State of New York or any political subdivision, or instrumentality, or agency thereof on account of such claim as a result of or through

6

the instrumentality of attorney's services, advice or assistance." Id.  Nowhere in the fee agreement is the term "amounts recovered" defined or is its meaning delineated.  Finally, in the context of a contingency arrangement between a client and an attorney, the plain meaning of "amounts recovered" might not include revenue generated by the client outside of recovery obtained through a settlement or final judgment.

It follows, therefore, that BSK can only recover if it proves that it advised its client before making the fee agreement that the term "amounts recovered" might give BSK an interest in these items.  To the contrary, there are indications in the record that BSK advised its client that its fees would be limited to money damages: in its reply memorandum, BSK stated that the Oneida Nation sought counsel to secure "monetary compensation" and that the firm pursued "narrow relief" in the form of the land's "rental value."  Dkt. No. 472 (Test Case document).  Furthermore, BSK's expert attached documents in which BSK advised the Oneida Nation that the aim of the litigation was to get "money damages" and that BSK "would receive no compensation for our services unless we succeeded in collecting something."  Dkt. No. 143 (Reservation Case document).

Based upon the foregoing, the Court finds that BSK has not proven that it advised its client that "recovery" or "amounts recovered" would include revenue generated by political and business agreements, such as the licensing and establishment of a casino, that were completely apart from the damages or settlement obtained in the lawsuits.  And because BSK has not carried its burden of showing that its client fully knew and understood that the term "amounts recovered" included revenue generated separately from a judgment or settlement, the term "amounts recovered" must be construed against the attorney who drafted it.  Thus, Magistrate Judge Treece was correct to construe "amounts recovered" to include only the recovery obtained in the Test Case against the

State of New York.

BSK also argues that Magistrate Judge Treece's calculation of a fee award was premature and that BSK was entitled to an evidentiary hearing on the amount of the fee. BSK's Objection at 1, 3, 8. However, the Court notes that BSK has failed to ask the Court to receive further evidence, and furthermore, the Court finds that BSK has failed to proffer any proof that it could have offered in support of a greater fee. See 28 U.S.C. 636(b)(1) (in BSK's Objections, it could have asked the Court to "receive further evidence"). Instead, BSK has not offered, or referenced in its submissions, any new evidence in support of a greater fee. The Court has considered BSK's Objection and has undertaken a *de novo* review of the record, and it has determined that the R&R should be approved.

### B. Mr. Hirsch's Objections to the Report-Recommendation

Mr. Hirsch does not object to the legal conclusions contained in Magistrate Judge Treece's R&R, but rather, attempts to correct two factual errors he asserts are contained in the R&R. Hirsch Objection. First, the R&R contains a reference to Mr. Hirsch being the plaintiff's attorney in Homer v. Halbritter, 1994 U.S. Dist. LEXIS 16513 (N.D.N.Y. November 15, 1994). R&R at 44. Shortly thereafter, the R&R makes reference to a 1993 letter written by George Shattuck, in which it is claimed that Mr. Hirsch was then representing the Oneida Indian Nation of New York. Id. It would appear that Mr. Hirsch objected to the R&R in order to correct this error. Upon reviewing the counsel listed in Homer, the Court notes that Mr. Hirsch does not appear to have been an attorney in that case. Id. The Court may not amend or correct the R&R in this respect, because it is limited to the record before it, and the record contains a document that lists Mr. Hirsch as an attorney in Homer. Smith Decl., Ex. 45. However, insofar as the R&R stated that Mr. Hirsch was attorney in that case, the Court notes that the R&R may have been in error.

### III. Conclusion

Accordingly, it is hereby:

**ORDERED**, that the R&R (Dkt. No. 624/122) is **APPROVED** and **ADOPTED** in its **ENTIRETY**; and it is further

**ORDERED,** that BSK's Motion to have the Court recognize its right to a fee (Dkt. No. 130/54) is **GRANTED** to the extent outlined in Magistrate Judge Treece's R&R (Dkt. No. 624/122); and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:    July 12, 2011
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge